SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 20 2015
ARTHUR JOHNSTON
BY ______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SHARMEN HIILL; KRISTEN LINDSAY MUSGROVE; ROBERT A. MUSGROVE; and J.I.M., a minor, by and through his natural and legal guardian, JAMIE STEWART**

**VS.** **CIVIL ACTION NO.:** 2:15cvDPJ-FKB

**CITY OF LAUREL, MISSISSIPPI; LAUREL POLICE DEPARTMENT; CHIEF TYRONE STEWART, in his official capacity as the Chief of the Laurel, Mississippi Police Department; OFFICER VINCE WILLIAMS, individually and in his official capacity as an Officer of the Laurel Police Department; OFFICER BRIAN DEMKE individually and in his official capacity as an Officer of the Laurel Police Department; OFFICER JOEY DECUIR individually and in his official capacity as an Officer of the Laurel Police Department; OFFICER ROBERT MORRIS, individually and in his official capacity as an Officer of the Laurel Police Department; JONES COUNTY, MISSISSIPPI; SHERIFF ALEX HODGE, in his official capacity as the Sheriff of Jones County, Mississippi; JOHN DOES I-X, in their individual and official capacities as officers or deputies of Laurel Police Department of Jones County Sheriff's Office**

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

COME NOW, Sharmen Hill, Kristen Lindsay Musgrove, Robert A. Musgrove, and J.I.M., a minor, by and through his natural and legal guardian, Jamie Stewart, and file this Complaint for damages, and in support thereof would show unto the Court the following:

1. Plaintiff Sharmen Hill is an adult resident citizen of Jones County, Mississippi, and is the widow of Robert Jason Musgrove.

2. Kristen Lindsay Musgrove is an adult resident citizen of Jones County, Mississippi, and is the daughter of Robert Jason Musgrove.

3. Robert A. Musgrove is and adult resident citizen of Jones County, Mississippi, and is the son of Robert Jason Musgrove.

4. J.I.M, is a minor child of Robert Jason Musgrove, and resident of the State of Alabama, and his claims in this action are brought by his natural and legal guardian, Jamie Stewart.

5. Defendant City of Laurel, Mississippi, is a municipal corporation operating pursuant to the Constitution and the laws of the State of Mississippi within the U.S. Southern District of Mississippi and is the entity responsible for the oversight and funding of the City of Laurel Police Department. The Defendant City of Laurel may be served with process by serving the mayor or municipal clerk pursuant to F.R.C.P. 4(j) or by any other lawfully proscribed means of services of process.

6. Defendant Laurel Police Department is an entity within the City of Laurel, Mississippi, and is located in Jones County, Mississippi. Said Defendant may be served through the group, person, officer, or body responsible or for the administration of the Laurel Police Department pursuant to F.R.C.P. 4(j) or by any other lawfully proscribed means of service of process.

7. Defendant Chief Tyrone Stewart is the Police Chief for the Laurel Police Department and is, upon information and belief, a resident of Jones County, Mississippi, and may be personally served wherever he may be found. At all material times, Defendant Stewart was acting under color of state law in his official capacity as an officer of the Laurel Police Department, and actions of Defendant Stewart were done and performed under the color and

pretense of the ordinances, regulations, policies, customs, and usages of the City of Laurel, Mississippi and the State of Mississippi.

8. Defendant Officer Vince Williams is, upon information and belief, an adult resident citizen of Jones County, Mississippi and may be personally served wherever he may be found. At all material times, Defendant Williams was an officer of the Laurel Police Department. He is a Defendant in this action in his individual and official capacities.

9. Defendant Officer Bryan Demke is, upon information and belief, an adult resident citizen of Jones County, Mississippi and may be personally served wherever he may be found. At all material times, Defendant Demke was an officer of the Laurel Police Department. He is a Defendant in this action in his individual and official capacities.

10. Defendant Officer Joey Decuir is, upon information and belief, an adult resident citizen of Jones County, Mississippi and may be personally served wherever he may be found. At all material times, Defendant Decuir was an officer of the Laurel Police Department. He is a Defendant in this action in his individual and official capacities.

11. Defendant Officer Robert Morris is, upon information and belief, an adult resident citizen of Jones County, Mississippi and may be personally served wherever he may be found. At all material times, Defendant Morris was an officer of the Laurel Police Department. He is a Defendant in this action in his individual and official capacities.

12. Defendant Jones County, Mississippi, is a political subdivision of the State of Mississippi and operates in the U.S. Southern District of Mississippi. Said Defendant may be served with process by serving the Chancery Clerk of Jones County, Mississippi, or by any other lawfully proscribed means of service of process

13. Defendant Sheriff Alex Hodge is, upon information and belief, an adult resident citizen of Jones County, Mississippi, and may be personally served wherever he may be found. Defendant Hodge is, and was at all times relevant to the matters set forth in this Complaint, the duly elected Sheriff of Jones County, Mississippi. He is a Defendant in this action in his official capacity.

14. Defendants John Does I-X are law enforcement officers or individuals with policymaking authority for the City of Laurel Police Department or the Jones County Sheriff's Office employed by either or both of the City of Laurel Police Department or the Jones County Sheriff's Office whose identities are unknown at this time. Upon information and belief, said Defendants are adult resident citizens of Jones County, Mississippi, and may be personally served with process wherever they might be found. Said Defendants are unknown to the Plaintiffs at this time, but either in whole or in part, or in conspiracy with one another, caused or substantially contributed to the subject actions complained of herein. They are Defendants in this action in both their individual and official capacities.

**JURSIDICTION AND VENUE**

15. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331.

16. The Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendants are all residents of the Southern District of Mississippi, and the events giving rise to this claim occurred within the boundaries of the Southern District of Mississippi.

**FACTS**

18. On the late evening of August 30, 2013, and/or early morning of August 31, 2013, 42 year old Robert Jason Musgrove injected a large and lethal amount of insulin into his abdomen for the purpose of committing suicide. Shortly after doing so, Mr. Musgrove contacted Plaintiff Sharmen Hill, his wife, and informed her of his actions and intent to commit suicide. Plaintiff Sharmen Hill immediately called 911 emergency services to report that Mr. Musgrove had injected a large amount of insulin in his attempt to commit suicide.

19. Mr. Musgrove also informed Mrs. Hill that he was at his home, located at 3726 Yale Avenue, Laurel, Mississippi. Mrs. Hill was not present at the Yale Avenue home when she was so informed or when she called 911. Defendant Officer Vince Williams, Bryan Demke, Joey Decuir, and Robert Morris of the Laurel Police Department arrived to Mr. Musgrove's home in the early hours of August 31, 2013, to investigate the suicide attempt.

20. When the Officers arrived, Mr. Musgrove was not present at the home. Officers made forcible entry into Mr. Musgrove's home. An empty bottle of insulin and a syringe were present inside the home.

21. A short time later Mr. Musgrove arrived at the home driving a motorcycle. Mr. Musgrove was questioned, detained on suspicion of driving under the influence of alcohol, and transported to the Laurel Police Department headquarters by Officer Demke. At no time prior to or during his detention was Mr. Musgrove provided any medical attention by any of the officers present despite knowledge and information that said medical attention was needed immediately.

22. Thereafter, Mr. Musgrove was transported to and booked into the Jones County Adult Detention Center. While being held, Mr. Musgrove became unconscious due to the large amount of insulin he had injected into himself earlier. Jones County Sheriff's Office officers and/or detention center staff members, currently unidentified, were aware of his being unconscious and delayed an unreasonable amount of time before calling for an ambulance to transport Mr. Musgrove to a hospital. Once the ambulance did arrive, Mr. Musgrove was transported to South Central Regional Medical Center where he died as a result of his efforts to commit suicide by injection of insulin.

23. Prior to his transportation to the detention center up to the time that Mr. Musgrove was found unconscious, at no time was an ambulance called or other medical attention provided, by either the Laurel Police Department officers or the Jones County Sheriff's Office deputies or jailors, despite knowledge that Mr. Musgrove did inject a large dose of insulin for the purpose of committing suicide.

24. Upon his arrival to the Jones County Adult Detention Center, unidentified deputies or employees of the Jones County Sheriff's Office knew or should have known that Mr. Musgrove was in need of immediate necessary medical attention. Additionally, once Mr. Musgrove became unconscious, said unidentified Defendants were aware of his unconsciousness, but waited an unreasonably long period of time before providing or requesting medical care for Mr. Musgrove.

25. The Defendant officers and deputies or employees knew or reasonably should have known that Mr. Musgrove required immediate medical care. The Defendants' refusal and denial of medical treatment proximately caused Robert Jason Musgrove's death.

26. At all times relevant hereto Chief Tyrone Stewart and possibly other currently identified individuals were responsible for promulgating and implementing policies, customs, or practices of the Laurel Police Department, including those that led to the denial of necessary, immediate medical attention to Robert Jason Musgrove.

27. At all relevant times hereto Sheriff Alex Hodge and possibly other currently identified individuals were responsible for promulgating and implementing policies, customs, or practices of the Laurel Police Department, including those that led to the denial of necessary, immediate medical attention to Robert Jason Musgrove.

28. At all times relevant to this action, the Defendants acted under color of law, with reckless disregard and deliberate indifference for the health, safety, and constitutional rights of Robert Jason Musgrove.

## COUNT I

## GROSS NEGLIGENCE AND RECKLESSNESS OF OFFICERS VINCE WILLIAMS, BRIAN DEMKE, JOEY DECUIR, ROBERT MORRIS AND JOHN DOES I-X

29. The above and foregoing are hereby incorporated and adopted as if set forth below.

30. This cause of action is brought pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.* by Plaintiffs against Defendant Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris, and John Does I-X for their grossly negligent and reckless acts, including their denial of medical attention to Robert Jason Musgrove despite knowledge that said medical attention was necessary and needed immediately, committed in the course and scope of their employment as Laurel Police Department or Jones County Sheriff's Office officer, deputies, jailors or employees and arising out of their performance of their duties as officers, deputies, jailors or employees.

31. As a direct and proximate result of the above-described gross negligence and recklessness of Defendants, Robert Jason Musgrove sustained severe physical injury, causing him great physical pain, anguish of mind, and subsequent death.

**COUNT II**

**DEPRIVATION OF CONSTITUTIONAL RIGHTS BY OFFICERS VINCE WILLIAMS, BRIAN DEMKE, JOEY DECUIR, ROBERT MORRIS AND JOHN DOES I-X**

32. The above and foregoing are hereby incorporated and adopted as if set forth below.

33. This cause of action is brought by Plaintiffs against Defendant Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris, and John Does I-X, for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

34. The above described actions of Defendant Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris, and John Does I-X while acting under color of state law, subjected Robert Jason Musgrove to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States including the Fourth Amendment, the Eighth Amendment, and the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42. U.S.C. § 1983.

35. Defendants' actions violate 42. U.S.C. § 1983, 42. U.S.C. § 1985, 42. U.S.C. § 1986, 42. U.S.C. § 1988 and/or the Fourth, Eighth, and Fourteenth Amendments to the United State Constitution. As a result of such acts, Robert Jason Musgrove sustained damages, including but not limited to grievous bodily harm and loss of liberty, and subsequent death, as set forth herein. Moreover, his wrongful death heirs at law further suffered loss of society as set forth herein.

**COUNT III**

**GROSS NEGLIGENCE AND RECKLESSNESS OF THE LAUREL POLICE DEPARTMENT AND JONES COUNTY SHERIFF'S OFFICE**

36. The above and foregoing are hereby incorporated and adopted as if set forth below.

37. This cause of action is brought pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* by Plaintiffs against Defendants City of Laurel, Laurel Police Department and Jones County for the grossly negligent and reckless conducts of its agents, servants, or employees, Defendant Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris, and John Does I-X as set forth herein which were committed in the course and scope of their employment as Laurel Police Department employees or officers and/or Jones County Sheriff's Office employees or deputies and arise out of the officers', deputies', jailors' or employees' performance of their duties as Laurel Police Department officers or Jones County Sheriff's Office deputies, jailors, or employees.

38. As a direct and proximate cause of the above-described gross negligence and recklessness of Defendant Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris, and John Does I-X, while agents, servants, or employees of the Laurel Police Department or Jones County Sheriff's Office, Robert Jason Musgrove sustained severe physical injury, causing him great pain of body, anguish of mind and subsequent death. Defendants are therefore liable for all damages sustained by Robert Jason Musgrove.

**COUNT IV**

**DEPRIVATION OF CONSTITUTIONAL RIGHTS BY LAUREL POLICE DEPARTMENT AND JONES COUNTY SHERIFF'S OFFICE**

39. The above and foregoing are hereby incorporated and adopted as if set forth below.

40. By and through the conduct, actions, and inactions of the Defendants herein, Robert Jason Musgrove was deprived of constitutional rights, and as a result thereof, Robert Jason Musgrove suffered injury, pain and suffering and ultimately death.

41. At all times relevant hereto, Defendants were vested with the state authority and non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, Defendants commenced to implement a policy, custom, usage, or practice wherein the rights, privileges and/or immunities of Robert Jason Musgrove were violated. Specifically, the Defendants engaged in a course of conduct that resulted in a violation of Robert Jason Musgrove's right to procedural and substantive due process of law pursuant to the Fourteenth Amendments to the United States Constitution and the right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution. The violations complained of include, but are not limited to, the denial or deprivation of medical treatment, deprivation of identifiable civil rights, and a deliberate indifference to the safety, health, and well-being of Robert Jason Musgrove.

42. Such acts of Defendants were committed under color of law and under each individual's authority as an officer, agent, or employee of the City of Laurel, Mississippi, Laurel Police Department, and Jones County Sheriff's Office, and were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health, safety, and continued life of Robert Jason Musgrove. As a result, Robert Jason Musgrove was deprived of his liberty in violation of the Eighth and Fourteenth Amendments to the Constitution of the United State of America and 42 U.S.C. § 1983.

43. Alternatively, the acts and/or omissions of Defendants herein were performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of the City of Laurel, Laurel Police Department and Jones County Sheriff's Office as promulgated by Chief Tyrone Stewart and Sheriff Alex Hodge, respectively, and possibly other currently unidentified John Doe Defendants. At all times relevant hereto, Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris of the Laurel Police Department and John Does I-X of the Laurel Police Department and/or Jones County Sheriff's Office were acting under the direction and control of the City of Laurel Police Department and/or Jones County Sheriff's Office, which acted through its said employees and/or agents Chief Tyrone and Sheriff Alex Hodge, respectively, who were responsible for making policy for the City of Laurel Police Department and Jones County Sheriff's Office, their officers and operations, and Defendants Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris of the Laurel Police Department and John Does I-X were acting pursuant to either official policy or practice, custom and usage of the City of Laurel and its Police Department or the Jones County Sheriff's Office. At no time did there exist a reasonable relationship between any such ordinances, regulations, policies, customs, and usages of Laurel Police Department or Jones County Sheriff's Office and any legitimate governmental interest.

44. Robert Jason Musgrove's injuries, death, and damages, were also directly and proximately caused by the following intentional, reckless, careless, negligent, and/or deliberately indifferent acts and omissions of the Defendants and/or their agents or employees including, but not limited to:

a. The failure of the Laurel Police Department and Jones County Sheriff's Office, by and through their agents, employees, and servants, to monitor, direct, and supervise

the policies and procedures of their officers, agents, employees or servants, thus depriving members of the public, including Robert Jason Musgrove, of their rights under the United States and Mississippi Constitutions;

b. The failure of Laurel Police Department and Jones County Sheriff's Office to properly and adequately screen, hire and train its officers, employees and agents and to promulgate and enforce rules and regulations regarding the manner and techniques for the hiring, control, supervision and training of their employees, thus depriving members of the public, including Robert Jason Musgrove, of their rights under the United States and Mississippi Constitutions.

c. The failure of Laurel Police Department and Jones County Sheriff's Office to establish and/or enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its officers, agents, and/or employees under the circumstances outlined in this Complaint as well as for screening and hiring its employees, thus depriving members of the public, including Robert Jason Musgrove, of their rights under the United States and Mississippi Constitutions.

d. The failure of Laurel Police Department and Jones County Sheriff's Office to provide reasonable protection from physical injury to Robert Jason Musgrove in order to avoid risk of harm to him under the circumstances then and there existing, thus depriving members of the public, including Robert Jason Musgrove, of their rights under the United States and Mississippi Constitutions.

e. The intentional, reckless, negligent and/or deliberately indifferent acts and omissions of Defendants constituted policies and customs that evidence a clear violation of and

deliberate indifference to the rights and safety of Robert Jason Musgrove under the U.S. and Mississippi Constitutions.

45. Acting under color of law, by and through the policymakers of the Laurel Police Department and pursuant to official policy or custom or practice, the Laurel Police Department, intentionally, knowingly, recklessly, and/or with deliberate indifference and reckless disregard to the rights of the inhabitants of Laurel, Mississippi and of Robert Jason Musgrove failed to instruct, supervise, train, control, and/or discipline, on a continuing basis, Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris and John Does I-X of the Laurel Police Department and in the performance of their duties to prevent the injuries and damages to Robert Jason Musgrove and preventing needless injury and subsequent death, to prevent violation of the rights and privileges of citizens guaranteed by the Constitution and laws of the United States and the laws of the State of Mississippi; and to prevent deprivations of citizens' constitutional and statutory rights, privileges, and immunities.

46. Acting under color of law, by and through the policymakers of the Jones County Sheriff's Office and pursuant to official policy or custom or practice, the Jones County Sheriff's Office, intentionally, knowingly, recklessly, and/or with deliberate indifference and reckless disregard to the rights of the inhabitants of Jones County and of Robert Jason Musgrove failed to instruct, supervise, train, control, and/or discipline, on a continuing basis, John Does I-X in the performance of their duties to prevent the injuries and damages to Robert Jason Musgrove and preventing needless injury and subsequent death, to prevent violation of the rights and privileges of citizens guaranteed by the Constitution and laws of the United States and the laws of the State of Mississippi; and to prevent deprivations of citizens' constitutional and statutory rights, privileges, and immunities.

47. The Laurel Police Department and Jones County Sheriff's Office had knowledge of or, had it diligently exercised its duties to screen, instruct, train, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed and were committed prior to the incident complained of herein. Defendants City of Laurel, Laurel Police Department, and Jones County had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of Laurel, Mississippi, and Jones County and to Robert Jason Musgrove, failed to do so.

48. Defendants Laurel Police Department and Jones County Sheriff's Office directly or indirectly under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Officers Vince Williams, Brian Demke, Joey Decuir, Robert Morris of the Laurel Police Department and John Does I-X.

49. The aforementioned acts of Defendants entitle Plaintiffs to an award of compensatory damages. In addition, such acts and omissions were intentional, wanton, malicious, oppressive, undertaken with reckless indifference, thus entitling Plaintiffs to an award of punitive damages against said Defendants in their individual capacity.

50. Defendants' acts violate 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988 and/or the Eighth and Fourteenth Amendments to the United States Constitution. As a result of such acts, Plaintiffs sustained damages as set forth herein.

**COUNT V**

**WRONGFUL DEATH**

51. The above and foregoing are hereby incorporated and adopted as if set forth below.

52. This cause of action is expressly allowed under Miss. Code Ann. § 11-7-13.

53. The decedent died on August 31, 2013, and is survived by his wife and children who constitute his heirs at law and wrongful death beneficiaries under Mississippi law.

54. The negligence, recklessness, actions, inaction, and/or omissions of the Defendants were the proximate cause of Robert Jason Musgrove's death.

55. Under the theory of *respondeat superior* or vicarious liability, Defendants City of Laurel, Laurel Police Department and Jones County are liable for the actions and conduct of its agents and employees undertaken in the course and scope of their employment.

**COUNT VI**

**NEGLIGENT TRAINING AND SUPERVISION – LAUREL POLICE DEPARTMENT AND JONES COUNTY SHERIFF'S OFFICE**

56. The above and foregoing are hereby incorporated and adopted as if set forth below.

57. The Defendants owed a duty to the public and to Robert Jason Musgrove to supervise the actions of their police officers, jailors, deputies and other employees and to adequately train them.

58. Defendants were at all times relevant to this action police officers and/or jailors and/or deputies of the Laurel Police Department or Jones County Sheriff's Office.

59. The Defendants created an unreasonable risk of harm to Robert Jason Musgrove by failing to adequately supervise, control, or otherwise monitor the activities of their employees.

60. The Defendants were negligent for failing to adequately train their employees regarding proper procedures for custody, investigation, care, and control of individuals detained by or encountered by their employees.

61. The Defendants' failure to adequately supervise and train their officers, deputies, and jailors directly and proximately caused injuries, damages, and death to Robert Jason Musgrove by virtue of their negligent training; and, the Plaintiffs are entitled to recover against the Defendants for the injuries, damages, losses, and death caused by the Defendants' conduct as set forth herein.

## COUNT VII

## PUNITIVE DAMAGES

62. The above and foregoing are hereby incorporated and adopted as if set forth below.

63. The actions of the Defendants were so egregious, callous, malicious, and grossly negligent as to infer intentional indifference and reckless disregard to the rights of Robert Jason Musgrove. The actions of the Defendants were reprehensible and entitle the Plaintiffs to punitive damages to punish the Defendants from undertaking such actions again and deter others in the same or similar positions from undertaking such wrongful actions.

64. Plaintiffs would further state that the deliberate indifference of the Defendants, and each of them is tantamount to an intentional, malicious and bad faith violation of Robert Jason Musgrove's constitutional rights, such that punitive damages should be awarded of, from, and against the Defendants and each of them. Such damages should be awarded in an amount so as to punish the Defendants, so as to make an example of the defendants to others, so as to deter

the Defendants from engaging in such wrongful and unlawful conduct in the future, and as to reward the Plaintiffs for bringing such wrongdoers to public account.

**DAMAGES**

65. The above and foregoing are hereby incorporated and adopted as if set forth below.

66. As a direct and proximate result of one or more of the aforesaid breaches, violations, acts and omissions on the part of the Defendants as hereinabove enumerated, Plaintiffs seek to recover the following damages in an amount to be determined by a jury:

a. Physical and mental pain and suffering;

b. Mental anguish and emotional distress;

c. Past and future medical expenses and health care costs;

d. Punitive damages;

e. Loss of society;

f. Loss of earning capacity;

g. Attorneys' fees and expenses; and

h. All other damages allowed by law.

**JURY DEMAND**

67. The Plaintiffs herein demand a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that upon trial of these causes of action, judgment be entered against the Defendants for all damages available at law to the Plaintiffs in an amount to be determined by a jury and for all other such legal or equitable remedies and relief to which they are entitled.

Respectfully submitted, this the 20 day of February, 2015.

Plaintiffs,

SHARMEN HIILL; KRISTEN LINDSAY MUSGROVE; ROBERT A. MUSGROVE; and J.I.M., a minor, by and through his natural and legal guardian, JAMIE STEWART

By: ______________________________
Allan L. Elkins, Jr., MSB# 104276

**Of counsel:**

Carroll H. Ingram, MSB# 3023
Jennifer Ingram-Johnson, MSB# 99265
Allan L. Elkins, Jr., MSB# 104276
**INGRAM, PLLC**
2901 Arlington Loop (39401)
Post Office Box 15039
Hattiesburg, MS 39404-5039
Telephone: 601-261-1385
Facsimile: 601-261-1393
carroll@ingramlawyers.com
jennifer@ingramlawyers.com
aj@ingramlawyers.com